**\*\*\*AMENDED DLD-141**                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1302
_____

ISAN CONTANT,
                                        Appellant

v.

FIELD OFFICE DIRECTOR BUREAU OF IMMIGRATION AND CUSTOMS
ENFORCEMENT; ATTORNEY GENERAL OF THE UNITED STATES
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-10-cv-02483)
District Judge:  Honorable James M. Munley
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 17, 2011

Before:  FISHER, ROTH and BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 20, 2011)
_____

OPINION
_____

PER CURIAM

    Isan Contant appeals from an order of the United States District  Court for the

Middle District of Pennsylvania, which denied his mandamus petition.  We will affirm

the District Court's judgment.

As the parties are familiar with the facts of this case, we need not describe the complete procedural history and Contant's filings in various courts, but will describe only those facts pertinent to this appeal. Contant, a native and citizen of Trinidad and Tobago, was ordered removed to his native country. He filed a motion to reopen his removal proceedings, arguing (for a second time) that he was eligible for relief from removal under the Violence Against Women Act ("VAWA"), because he had been subjected to battery or extreme cruelty by his U.S.-citizen spouse. At issue here is Contant's mandamus petition, filed soon after his motion to reopen, by which he sought to have the District Court declare that his removal was statutorily stayed pending disposition of his motion to reopen (including all appeals), pursuant to 8 U.S.C. § 1229a(c)(7)(iv).[1]

The District Court correctly held that it lacked jurisdiction to consider whether Contant had an automatic stay of removal. The Court properly found that there was no practical difference between asking the District Court to grant a stay of removal (which would necessarily require the District Court to consider the propriety of Contant's removal order), and asking the District Court to declare that a statutory stay existed. A petition for review filed in the proper court of appeals is the sole vehicle for an alien to challenge his removal order. 8 U.S.C. § 1252(a)(5). Further, as the District Court noted, by the time it ruled on his mandamus petition, this Court and the United States Supreme

---

[1] Contant has sought review of the BIA's denial of the motion to reopen in this Court. That petition for review has been docketed at 10-4543 and has been consolidated with his petition for review of an earlier BIA decision, docketed at 10-3736. The petitions for review are pending.

Court had already rejected his motions for a stay of removal.[2] The District Court lacked

the authority to overrule the decisions of this Court and the United States Supreme Court.

For the foregoing reasons, we will affirm the District Court's decision.

---

[2] We have since denied two of Contant's motions for a stay of removal; see Contant v. Attorney General, No. 10-3736 (Order entered June 16, 2011), and Contant v. Attorney General, No. 10-4543 (Order entered January 20, 2011); and have denied his motion to reconsider the order denying an earlier motion for stay of removal; see Contant v. Attorney General, No. 10-3736 (Order entered February 11, 2011). We also hereby deny his motion for a stay of removal filed in this matter on June 9, 2011.